IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WESTERN SURETY COMPANY, a<br>South Dakota corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>L.H. MORRIS ELECTRIC, INC., an<br>Oregon corporation, KPD<br>INSURANCE, an Oregon corporation,<br>JAMES W. AND LINDA S. MITCHEM,<br>individuals, TIMOTHY L. MITCHEM,<br>an individual, ANNETTE JANIE<br>CANTU, an individual, and JERRY<br>BALDING, an individual,<br><br>      Defendants. | Civ. No. 07-1372-AA<br><br>OPINION AND ORDER |

AIKEN, Judge:

    Plaintiff Western Surety Company filed suit alleging breach of contract, indemnity, fraud, negligent hiring and supervision, breach of fiduciary duty and negligence. Plaintiff's claims arise from the issuance of construction bonds on behalf of defendant L.H.

1    - OPINION AND ORDER

Morris Electric with plaintiff named as surety. Plaintiff now moves for partial summary judgment against defendant KPD Insurance Inc. (KPD) with respect to liability on its claims for breach of contract and contractual indemnity, reserving the issue of damages for later motion or trial. Plaintiff's motion is granted.

## BACKGROUND

Plaintiff issues commercial and contract surety bonds that guarantee the performance of obligations contained in a written agreement between two parties. Typical bonds include bid, performance and payment bonds, such as those issued to construction contractors and subcontractors.

On January 1, 2002, KPD and plaintiff entered into an Agency Agreement that allowed KPD to issue bonds directly to applicants upon plaintiff's approval and KPD's compliance with other terms and conditions. Specifically, KDP was authorized to "issue and deliver policies and bonds" as authorized by plaintiff and to "collect premiums." Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment, p. 2.[1] KPD was required to comply with all relevant rules and regulations, submit a report of risks assumed, pay all premiums, whether collected or not, and remit all premiums

---

[1] An affidavit of Douglas Mraz was filed stating that copies of the Agency Agreement, POA Agreement, and the Bond were attached as exhibits, but the attachments were not filed with the affidavit. Regardless, KPD does not dispute the language quoted by plaintiff in its brief and the court considers the quoted terms of the agreements undisputed.

that were collected pursuant to the agreement.  <u>Id.</u>  Finally, the Agency Agreement requires KPD, as the Agent, to indemnify plaintiff, as a Writing Company, for bonds issued:

> The Agent shall defend and indemnity the Writing Companies from and against any and all liability, loss, costs, damages, attorneys' fees and expenses of whatever kind or nature which any of the Writing Companies may sustain arising out of or related to any wrongful act or omission of the Agent or the Agent's officers, employees, agents, subagents, and representatives, including but not limited  to (a) the improper execution or other use or inadequate control of any forms, including without limitation, Powers of Attorney supplied to the Agent by the Writing Companies or (b) the Agent's failure to promptly report any bonds or policies written for the Writing Companies.  The Agent's obligations under this paragraph shall survive any termination of this agreement.

<u>Id.</u> p. 3.

On May 17, 2002, plaintiff and KDP and its employees, defendants Jerry Balding and Annette Cantu, entered into a Power of Attorney Use Agreement (POA Agreement) that allowed KPD to execute bonds on behalf of plaintiff after obtaining plaintiff's approval to issue such bonds.  Under the POA Agreement:

> The Attorney-in-Fact shall execute no bonds/policies for or on behalf of such Writing Companies without specific authorization from an Authorized Representative . . . such authorization having been conveyed by telephone, letter, fax, or other communication . . . .
> ***
> Unless other arrangement have been made, all bonds/policies executed by the Attorney-in-Fact will be reported to the Writing Companies within five (5) working days by mailing a report to the Writing Companies' supervising office(s). . . .

Plaintiff's Memorandum, p. 3.

3    - OPINION AND ORDER

On or about January 3, 2006, defendant L.H. Morris Electric, Inc. (L.H. Morris) and KPD employee Annette Cantu executed a Subcontract Performance Bond and a Subcontract Labor and Material Payment Bond in the amount of $1,997,761.00 (the Bond). The Bond was issued in connection with the construction of the Oregon Men's Prison/Deer Ridge Correctional Institution (Prison Project) in Madras, Oregon and named plaintiff as the surety.

KPD issued the Bond without plaintiff's authorization, knowledge, or approval. KPD did not provide plaintiff with a copy of the Bond, and plaintiff received no premium payments.

On or about December 22, 2006, L.H. Morris abandoned its responsibilities on the Prison Project and various demands were made by contractors and subcontractors to plaintiff for payment under the Bond. Plaintiff had no knowledge of the Bond until the demands were received. In response to these demands, plaintiff paid $1,436,804.19 under the Bond to complete the Prison Project and incurred investigation costs to determine how, why, and by whom the Bond was issued.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The

4   - OPINION AND ORDER

materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324. Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

Plaintiff moves for partial summary judgment against KPD, arguing that no genuine issue of material fact precludes a finding of liability and indemnification under the Agency Agreement and POA Agreement. Plaintiff maintains that the agreements required KPD to obtain plaintiff's authorization prior to issuing the Bond, and that KPD failed to obtain plaintiff's approval for the Bond.

KDP accepts plaintiff's statements of fact and does not dispute that its agreements with plaintiff required it to obtain approval for the Bond, and that it failed to do so. However, KPD

5    - OPINION AND ORDER

maintains that a triable issue of fact remains as to whether plaintiff would have approved the Bond if asked to do so.

In so arguing, KPD relies on United Pacific Ins. Co. v. Price, 39 Or. App. 705, 593 P.2d 1214 (1979). There, the plaintiff insurer sought to recover damages from its agent broker the agent negligently informed an insured of an incorrect effective date of the insurance policy. Id. at 707, 593 P.2d 1214. The agent had notified the insured that the policy became effective ten days prior to the actual effective date. The insured canceled the existing insurance policy in reliance on the agent's information and suffered a loss before the effective date of the policy. Id. The insurer eventually paid on that loss and sought indemnification from the agent broker. After reviewing several case, the court reasoned:

> The principle that emerges from these cases is that, if the negligence of the agent does not alter the risk the insurance company was willing to take, the agent's negligence is not the cause of the insurer's loss. In each instance the agent had authority to write the policy on behalf of the insurance company and the company would have accepted the risk if the agent had not breached his duty to the principal.

Id. at 710, 593 P.2d 1214.

With respect to the facts before it, the court found that even though the agent broker had been negligent, the agent was not responsible for the resulting loss, because the agent had authority to issue the insurance policy and did not alter the risk that the insurer would have assumed absent the negligent conduct. Id.

6   - OPINION AND ORDER

I do not find that <u>United Pacific</u> precludes summary judgment on the issue of liability. Importantly, in <u>United Pacific</u>, the agent broker retained authority to issue the insurance policy and did not breach his duty to the insurer by issuing the policy. 39 Or. App. at 710, 593 P.2d 1214. In contrast, KPD did not possess authority to issue the Bond without authorization, and issuance of the bond was, as KPD admits, a breach of the Agency Agreement and POA Agreement. <u>See</u> <u>Lynch v. First Colony Life Ins. Co.</u>, 108 Or. App. 159, 163-64, 814 P.2d 552 (1991) (holding that agent breached agency agreement and caused insurer's loss by issuing insurance policy without the requisite authorization). Further, I agree with plaintiff that KPD's argument as to whether plaintiff would have authorized the Bond goes to the issue of damages rather than contractual liability under the facts of this case. Accordingly, plaintiff is entitled to summary judgment on the issue of liability with respect to its breach of contract claim.

Likewise, the Agency Agreement requires KPD to indemnify plaintiff for all losses sustained as a result of "any wrongful act or omission," including the failure to promptly report any bonds of policies. Again, KPD does not dispute that it issued the Bond for almost $2 million, with plaintiff named as surety, without the contractually required authorization. Therefore, no genuine issue of fact precludes a finding of liability with respect to plaintiff's claim for contractual indemnity.

7    - OPINION AND ORDER

## CONCLUSION

Accordingly, plaintiff's motion for partial summary judgment against defendant KPD Insurance, Inc. (doc. 27) is GRANTED with respect to liability on plaintiff's claims for breach of contract and contractual indemnity.

IT IS SO ORDERED.

Dated this __21__ day of July, 2008.


_____    /s/ Ann Aiken    _____
                        Ann Aiken
                United States District Judge